```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-20449-CIV-LENARD
                         MAGISTRATE JUDGE P.A. WHITE
```

DR. HARSH SHARMA, et al,          :

    Plaintiff,                    :

v.                                :     <u>REPORT OF</u>
                                        <u>MAGISTRATE JUDGE</u>
DEA, et al,                       :

    Defendants.                   :
_____

    Dr. Harsh Sharma has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983 and <u>Bivens v Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (DE#1) The plaintiff is proceeding <u>in forma pauperis</u>.

    The initial complaint is almost impossible to decipher. The plaintiff names three DEA agents who are apparently employed in Alexandria, Virginia. He also names the Department of Children and Family Services, with no specific defendants.

    The plaintiff alleged that on or about April 9, 2008, DEA agents entered his home illegally, seized property without a warrant, threatened the plaintiff's and denied either the plaintiff or his elderly father and pets food and water. He seeks $250 million dollars.

    It was impossible to tell where this action occurred. It was unclear whether the plaintiff or his elderly father, a retired Judge, approximately 90 years old, was detained by DEA agents. The plaintiff did not state where in Florida the alleged search took place, the result of the search, and whether it led to charges

against him. He gives no facts as to why his home was suddenly invaded, and why the Department of Children and Family Services is involved. He further failed to allege where the defendants are employed and what connection this set of facts has to South Florida.

The style of the initial complaint is Dr. Gian Sharma, Brahmin Trust, Dr. Harsh Sharma, M.D., Dr. H. Sharma, Pawdit Trust, Sharma Trust, et al. The plaintiff was cautioned that multiple plaintiff's cannot file a civil rights claim together, and if this is the case, the complaint will be dismissed.

The plaintiff was further cautioned that claims which attack either pending charges or a state/federal conviction will be barred by Heck v Humphrey, 512 U.S. 477 (1994).

The plaintiff was ordered to file an amended complaint on or before March 8, 2010, to cure the above deficiencies. The plaintiff complied in part, and filed an amended complaint on March 11, 2010 (DE#13), on behalf of Dr. Sharma, et al. The complaint still retained most of the deficiencies of the prior complaint. The plaintiff fails to state where this alleged unlawful search and seizure took place, and the result of the search and seizure. It is not clear if charges were pursued against this plaintiff.[1] The plaintiff was permitted one further opportunity to amend to on or before April 9, 2010. The plaintiff has failed to comply with the Court's Orders.

The plaintiff was cautioned that failure to file the amended complaint on time will probably result in dismissal of this case.

---

[1]He states that no charges were brought, yet he is incarcerated in federal prison.

It is therefore recommended that this complaint be dismissed without prejudice for lack of prosecution. The plaintiff was granted two opportunities to amend and should not be permitted to file a belated amendment.

Objections to this Report may be filed within fourteen days following receipt.

Dated at Miami, Florida, this 15th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Harsh Sharma, Pro Se
    345-07-018
    FCI-Miami
    Address of record